UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| HENRY L. FARRIN, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONSTAR MORTGAGE, LLC, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:15-cv-00102-LM |

**DECLARATION OF O. E. "GENE" MAYS II**

I, O. E. "Gene" Mays II, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct:

1. My name is Gene Mays. I am a resident of the state of Texas. I am above the age of eighteen and am competent to testify to all matters contained herein.

2. Currently, I am employed with Nationstar Mortgage, LLC ("Nationstar") as a Litigation Research Analyst. I have been employed with Nationstar for over two years. Prior to working for Nationstar, I worked for several mortgage companies and have been in the mortgage industry since 1982.

3. As a Litigation Research Analyst, I research pending cases involving Nationstar. These cases include foreclosures, bankruptcies, mediations, and small claims. I have direct access to and regularly utilize records of mortgage loans that Nationstar keeps in the ordinary course of business, which include Nationstar's records pertaining to the origination and servicing of Henry L. Farrin, Jr.'s, mortgage loan at issue in this litigation (the "Loan").

4. I am authorized to make this declaration on behalf of Nationstar as its corporate representative and I am competent to make the statements herein, which are based on my

personal knowledge and/or review of the pleadings in this case and the business records of Nationstar, which are created and maintained in the ordinary course of business.

5. Based on my review of the following records, my personal knowledge of Nationstar's servicing policies and procedures, and my knowledge of how such records are kept and generated, Nationstar generated the records cited herein at or near the time of the act, event, condition, or opinion addressed therein, by, or from information transmitted by, someone with knowledge of the act, event, condition, or opinion.  The records are kept in the course of Nationstar's regularly conducted activity, and making the records is a regular practice of that activity.

### Nationstar's Soft Pulls of Consumer Reports for Account Review Purposes

6. Nationstar performs "soft pulls" of consumer reports on its mortgage accounts for a variety of legitimate business purposes, including maintenance of accounts (*i.e.*, account review).  Soft pulls are performed to help mortgage servicers such as Nationstar determine the current status of a consumer.  However, a soft pull does not provide the individual account or detailed tradeline information that is traditionally found on a full consumer report obtained via a "hard pull" for the extension of credit.

7. A consumer report obtained from a soft pull will provide Nationstar with various generic credit attributes that summarize a credit file.  Information obtained by a soft pull includes, but is not limited to: summaries of outstanding credit balances (including whether they are secured or unsecured); current and possibly former addresses; owned properties, including identification of the primary residence; potential alerts for identity theft or fraud; whether the consumer has multiple mortgages; and information about the consumer's status, such as whether

he or she is in the military, incarcerated, divorced, deceased, bankrupt, or has tax liens or judgments against her.

8. Information on a consumer's current and possibly former addresses and potential alerts for identity theft and fraud is particularly relevant when a consumer ceases communication with Nationstar or refuses to verify this information with Nationstar's representatives.

9. Information regarding a consumer's employment in the military is very useful for mortgage servicers because of the limitations placed on foreclosure actions by the Servicemembers Civil Relief Act ("SCRA") when a borrower is in active duty service with the military.

10. It is Nationstar's policy to obtain a waiver of SCRA rights when a borrower in active duty with the military has decided to cease making payments on the mortgage loan and relinquish any claim to the property.

11. The reports are obtained as to individuals with mortgage accounts being serviced by Nationstar that are marked as active within Nationstar's servicing platform or have an outstanding balance. An account remains "active" or "open" in Nationstar's internal systems and servicing platform until (1) the account balance has been zeroed, including all corporate advances, escrow balances, and unpaid principal balances, and (2) the final tax forms required for liquidation and/or servicing transfer have been completed.

12. The consumer reports were obtained to aid in the performance of Nationstar's ongoing mortgage servicer obligations and responsibilities, as well as to determine whether consumers continued to meet the terms of their Nationstar accounts.

13. Nationstar, as the active servicer on the Account, obtained Plaintiff's consumer report for account review purposes on July 31, 2014. At this time, Plaintiff's Account and associated lien continued to exist and an outstanding balance remained on the Account.

**Nationstar's Responsibilities as Mortgage Servicer**

14. The life cycle of mortgage servicing includes the servicing of accounts for all types of Nationstar customers, whether they are customers current with their payments, customers in default, bankrupt customers, escrow customers, modification customers, dispute customers, and liquidation customers. Nationstar has continuing obligations with respect to the investor, property, lien, and consumer associated with the mortgage account at issue.

15. For a mortgage servicer like Nationstar, these obligations include: property preservation and eviction; tax and escrow reporting via 1098 and 1099 forms; compliance with government-sponsored loan programs such as HAMP; to evaluate a consumer for a loan modification, cash-for-keys settlement, deed-in-lieu of foreclosure, short sale, or second mortgage; and to prevent identity theft or fraud.

16. A bankruptcy discharge obtained by a consumer obligated on one of Nationstar's loans has limited effect on Nationstar's on-going servicing requirements and does not determine whether an account is active, open, or existing within Nationstar's systems. Nor does the discharge extinguish the debt itself, affect the remaining balance on Nationstar's account, or alter the lien on the property servicing as collateral for that debt. The lien is not voided, paid off, or released as a result of any bankruptcy discharge.

17. Nationstar performs the soft pulls on all of its active accounts, in part, because it does not know which information in its systems potentially populated by a soft pull will be relevant from a servicing perspective to a particular consumer or account post-discharge.

18. Nationstar, at a bare minimum, seeks to determine the consumer's post-discharge intentions with respect to the property serving as collateral for his or her loan and mortgage account. This includes whether the consumer wants to remain in the property; whether the consumer wants to make payments; whether the consumer would like to enter into a loan modification; whether the consumer would like to explore other loss mitigation opportunities; whether the consumer wants to keep his or her insurance; whether the consumer intends to continue to pay taxes; whether the property is being rented and/or has a tenant; or whether the consumer prefers that the property proceed to foreclosure.

19. Furthermore, the soft-pull consumer reports are used to ensure that the credit file – particularly in light of the bankruptcy – is being reported correctly.

20. The data contained in the soft pull consumer reports also is used to evaluate consumers for loss mitigation options, such as loan modification, HAMP, short sale, deed-in-lieu of foreclosure, second mortgage, and cash-for keys.

21. In Plaintiff's case, the consumer report confirmed that Plaintiff was not a candidate for a deed-in-lieu of foreclosure because of a junior lien on the property.

22. Attached hereto as Exhibit 1 is Plaintiff's Note for the purchase of the 38 Briarwood Drive property.

23. Attached hereto as Exhibit 2 is the Plaintiff's Mortgage for the 38 Briarwood Drive property.

24. Attached hereto as Exhibit 3 are Plaintiff's emails obtained through discovery from Plaintiff.

25. Attached hereto as Exhibit 4 is the "Welcome Letter" dated May 31, 2016, sent by Nationstar to Plaintiff.

26. Attached hereto as Exhibit 5 is the June 5, 2013, informational statement sent by Nationstar to Plaintiff.

27. Attached hereto as Exhibit 6 is the May 28, 2013, letter from Nationstar providing a Single Point of Contact to Plaintiff.

28. Attached hereto as Exhibit 7 is the October 7, 2014, letter from Nationstar providing information about foreclosure prevention options to Plaintiff, obtained through discovery from Plaintiff.

29. Attached hereto as Exhibit 8 is a notice regarding private mortgage insurance dated July 7, 2014, sent by Nationstar to Plaintiff.

30. Attached hereto as Exhibit 9 is the notice regarding placement of hazard insurance dated June 30, 2014, sent by Nationstar to Plaintiff, obtained through discovery from Plaintiff.

31. Attached hereto as Exhibit 10 is the notice dated January 21, 2015, sent by Nationstar to Plaintiff regarding federal income tax disclosures and the Servicemembers Civil Relief Act.

I declare under the penalty of perjury that the foregoing declaration is true and accurate to the best of my information and belief.

June 2, 2016                                          */s/ Gene Mays, II*
                                                      O.E. "GENE" MAYS II

28558476v1