**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Henry L. Farrin, Jr.

   v.                                                  Civil No. 15-cv-102-LM

Nationstar Mortgage LLC

**AMENDED ORDER**

Henry Farrin brings suit alleging that Nationstar Mortgage LLC ("Nationstar") violated New Hampshire's Unfair, Deceptive, or Unreasonable Collection Practices Act, RSA 358-C ("UDUCPA"), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.[1]  Nationstar has filed several motions; a motion for a protective order and five motions in limine, seeking to preclude Farrin from submitting certain evidence and/or making certain arguments at trial.  The motions are resolved as follows:

I.    Motion for a Protective Order (doc. no. 27)

Pursuant to Federal Rule of Civil Procedure 26(c), Nationstar requests a protective order limiting the disclosure of certain policies and procedures designated as confidential in

---

[1] Farrin also alleged that Nationstar violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b.  The court granted Nationstar's summary judgment motion on that claim.  See doc. no. 60.

discovery.[2]  Nationstar asserts that these documents contain sensitive commercial information or trade secrets, which could provide an unfair advantage to Nationstar's competitors if disclosed outside this litigation.  Nationstar has indicated that it is willing to produce the documents to the court for in camera review.

The court finds that in camera review is appropriate in this case.  On or before November 14, 2016, Nationstar shall provide the court with copies of the contested documents for in camera review.  The court reserves its ruling on the motion for entry of protective order until after completion of its in camera review.

II. Motions Regarding FCRA

Nationstar has filed three motions in limine regarding Farrin's FCRA claim.  The first (doc. no. 42) seeks to preclude Farrin from presenting any testimony or argument with regard to a claim for a negligent violation of FCRA because Farrin failed to allege such a violation in his complaint.  The second (doc. no. 43) seeks to preclude Farrin from presenting any testimony or argument with regard to a claim for a willful violation of FCRA because there is no evidence in the record to support such

---

[2] Documents with Bates Labels 883-916.

a claim.  The third (doc. no. 46) seeks to bifurcate the trial into separate liability and damages phases to the extent the court allows the FCRA claim to proceed at trial.

After Nationstar filed its motions in limine, the court granted Nationstar's summary judgment motion as to Farrin's FCRA claim.  See doc. no. 60.  Therefore, Nationstar's motions concerning the FCRA claim (doc. nos. 42, 43, & 46) are denied as moot.

III. Motion Regarding Time-Barred FDCPA Claims

Nationstar moves to preclude Farrin from presenting any testimony or argument with regard to any claim for a violation of the FDCPA for communications prior to March 25, 2014 (doc. no. 44).  Nationstar argues that any claim based on those communications is barred by the FDCPA's one-year statute of limitations.  Farrin objects, arguing that pre-March 25, 2014 communications are relevant to show the extent of Nationstar's violation of the FDCPA and because they are admissible under a "continuing violation theory."

The court granted Nationstar's summary judgment motion as to Farrin's FDCPA claim for communications prior to March 25, 2014.  Therefore, Nationstar's motion to preclude testimony and

argument with regard to any claim for a violation of the FDCPA for communications prior to March 25, 2014 is granted.[3]

IV. <u>Motion Regarding Emotional Distress Damages</u>

Nationstar moves to preclude Farrin from presenting any testimony or argument with regard to any claim for emotional distress damages because he does not have sufficient evidence of such damages (doc. no. 45). Farrin objects, arguing that there is sufficient evidence of emotional distress damages.

Whether Farrin has sufficient evidence of emotional distress to show that he is entitled to damages is a question that will be determined at trial. Therefore, Nationstar's motion is denied without prejudice to raising the issue of the insufficiency of evidence at trial.

**Conclusion**

For the foregoing reasons, Nationstar's motion in limine regarding time-barred FDCPA claims (doc. no. 44) is granted. Nationstar's motion in limine regarding claims for emotional distress damages (doc. no. 45) is denied without prejudice.

---

[3] Farrin notes that the communications are admissible as to its claim under the UDUCPA, which has a three-year statute of limitations. Nationstar does not seek to preclude evidence of the communications themselves or argument or testimony regarding a claim for a violation of the UDUCPA prior to March 25, 2014.

Nationstar's motions concerning Farrin's FCRA claim (doc. nos. 42, 43, & 46) are denied as moot.

The court will hold in abeyance its ruling on Nationstar's motion for a protective order (doc. no. 27) until after it completes an in camera review of the contested documents. Nationstar shall provide the court with copies of the contested documents for in camera review **on or before November 14, 2016.**

On October 6, 2016, the court continued the trial, to be rescheduled after the court ruled on Nationstar's motion for summary judgment. The court has since issued its ruling on the summary judgment motion. The final pretrial conference is scheduled for March 9, 2017, at 2:00 p.m. Jury Selection and Trial are scheduled for March 21, 2017, at 9:30 a.m.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 1, 2016

cc:   Scott C. Borison, Esq.
      D. Kyle Deak, Esq.
      Matthew Joseph Delude, Esq.
      Peter A. Holland, Esq.
      John C. Lynch, Esq.
      Thomas J. Pappas, Esq.
      Roger B. Phillips, Esq.
      Kenneth Stout, Esq.